Walter H. STEWART, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 21204.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 12, 1968.

Decided April 26, 1968.

Mr. Joseph F. Hennessey, Washington, D. C. (appointed by this court) for appellant.

Mr. Lawrence S. Margolis, Sp. Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Allan M. Palmer, Asst. U. S. Attys., were on the brief, for appellee.

Before BURGER, WRIGHT and ROBINSON, Circuit Judges.

BURGER, Circuit Judge:

Appellant was convicted of the second degree murder of his wife; on appeal he raises three issues.

■■ Appellant claims that the District Court erred in refusing to direct a judgment of acquittal of second degree murder by reason of insanity. Because of the complicated nature of the issue of criminal responsibility this court has consistently been wary of judgments of acquittal in insanity cases. Gaskins v. United States, U.S.App.D.C. (No. 20,252, decided December 20, 1967); King v. United States, 125 U.S.App.D.C. 318, 372 F.2d 383 (1967). Our reluctance

is "rooted in the nature of the jury's role in insanity cases," Washington v. United States, 129 U.S.App.D.C. ——, 390 F.2d 444 (decided December 13, 1967). An unusually strong showing is required to overturn a trial judge's decision to leave the crucial issue of criminal responsibility with the jury, King v. United States, *supra*, 125 U.S.App.D.C. at 324, 372 F.2d at 389. Here there was conflicting evidence as to Appellant's mental condition at the time of the crime charged. Appellant introduced expert and lay testimony that he was suffering from a mental disease or defect at the time of the alleged crime and that the crime was the product of that mental illness. The government introduced lay and expert rebuttal testimony as to Appellant's mental condition and its relationship to the alleged crime. Since the evidence was susceptible of different conclusions, the trial judge submitted the issue of responsibility to the jury. On this record we cannot say that the trial judge, after hearing all the evidence, was required to find such evidence sufficient "to compel a reasonable juror to entertain a reasonable doubt concerning the accused's responsibility," under the rule in McDonald v. United States, 114 U.S.App.D.C. 120, 123, 312 F.2d 847, 850 (1962).

■ Appellant's second contention is that the trial judge erred in refusing a requested manslaughter instruction which incorporated the theory of "diminished responsibility," a concept which might more accurately be called "diminished capacity." Such instruction would have permitted the jury to weigh the evidence of Appellant's mental condition, as adduced in the psychiatric and lay testimony on responsibility, and to decide whether his mental capacity was impaired in some degree less than enough to accord him exculpation from the penalties for the crime of second degree murder and for that reason to reduce the verdict to a lesser crime such as manslaughter. In Fisher v. United States, 328 U.S. 463, 66 S.Ct. 1318, 90 L.Ed. 1382 (1946), the Supreme Court upheld this court's re-

fusal to make a departure from established concepts of criminal responsibility by such a fundamental change as would result from the adoption of the so-called "diminished responsibility" theory.

Later in Stewart v. United States, 107 U.S.App.D.C. 159, 166, 275 F.2d 617, 624 (1960), rev'd on other grounds, 366 U.S. 1, 81 S.Ct. 941, 6 L.Ed.2d 84 (1961), this court *en banc* adhered to the position espoused in *Fisher*. In view of the *Fisher* holding and the *en banc Stewart* decision, we find no error in the refusal to grant the requested instruction.

Appellant's final contention is that the trial judge erred in failing to declare a mistrial when it appeared that a government psychiatrist had some communication with several jurors during a noon recess as they were in an elevator. Appellant's experienced trial counsel called the incident to the court's attention and, in the absence of the jury, examined the witness. An examination was also conducted by the trial judge and both trial counsel and the court were satisfied the words exchanged were unrelated to the case and that nothing prejudicial to Appellant had occurred. We find no error.

Affirmed.